# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLA HEMAWATTIE ASSAD,** <br><br> Petitioner, <br><br> v. <br><br> **U.S. ATTORNEY GENERAL ERIC HOLDER JR.,** *et al.*, <br><br> Respondents. | Civ. No. 2:13-00117 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner Nichola Hemawattie Assad filed a Petition for Writ of Mandamus to compel the government to issue a final decision on the visa application of her husband Neil Reyas Assad. Respondents, who are the U.S. Attorney General, the District Director of U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of State, and the U.S. Embassy in Guyana filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). There was no oral argument. L.Civ.R. 78.1(b). For the reasons set forth below, Respondents' motion to dismiss is **GRANTED** in part and **DENIED** in part.

## I.      FACTUAL BACKGROUND

In 2008, Petitioner, a U.S. Citizen, married Neil Reyas Assad ("Beneficiary"), a citizen of Guyana. (Petition at ¶ ¶ 8, 11) Petitioner thereafter sought an immigrant visa for Beneficiary.

Obtaining an immigrant visa for a relative alien who lives outside the United States is a two-step process. (Respondent's Brief at 2) First, the citizen petitioner must file an I-130 Petition on behalf of the alien relative with USCIS. *See* 8 U.S.C. § 1154(a); 8 C.F.R. § 204.2. Second, the alien who has obtained the I-130 must

1

apply for an immigrant visa from a consular official in the country in which the alien resides. 8 U.S.C § 1201-1202.

USCIS granted an I-130 in January 2011. (Petition at ¶ 12) In June 2011, Beneficiary appeared at the U.S. Embassy in Georgetown, Guyana for an interview. (*Id.* at ¶ 13) On June 7, 2011, Beneficiary received a letter from the U.S. Embassy stating that he was found temporarily ineligible to receive a visa pursuant to Section 221(g) of the Immigration and Naturalization Act. (*Id.* at Exhibit 6) The letter stated that the case required "Administrative Review" and that "new information, when available, will be communicated to you in writing." (*Ibid.*)

The letter additionally stated, "You are welcome to contact our Visa Inquiries Unit, from time to time, to inquire about your application." It provided telephone and email contact information and provided a website where the status of the visa application could be checked. A status check in August 2012 revealed that the case was still pending administrative review. (Petition at ¶ 16, Exhibit 7)

On January 7, 2013, Nichola Hemawattie Assad filed this Petition for Writ of Mandamus to compel the government to make a final decision on the visa application. In the Petition, she alleges that the U.S. Embassy has: (1) failed to execute its duty to grant or refuse the visa; (2) sent the I-130 back to USCIS for possible revocation. With regards to the second allegation, Respondents have provided certifications demonstrating that the U.S. Embassy in Guyana is still in possession of Neil Reyas Assad's case and that USCIS is not reviewing the matter for possible revocation. (Declaration of Chloe Dybdahl at ¶ 5; Declaration of April Dechert at ¶¶ 4-5)

## II.    LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, like the ones against the U.S. Embassy and USCIS in this case, the court may consider evidence outside the pleadings, and no

presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (*citing Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)).  The plaintiff bears the burden of proving that jurisdiction exists.  *Id.* at 178.

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.* at 678.

## III.  DISCUSSION

**A. U.S. Embassy / Department of State**

Respondents argue that the doctrine of consular nonreviewability deprives this court of jurisdiction to review the acts of the U.S. Embassy.  The court disagrees.

The doctrine of consular nonreviewability generally places a consular official's decision to issue or withhold a visa outside the scope of judicial review.  *Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3d Cir. 2010) (*citing Saavedra Bruno*

*v. Albright,* 197 F.3d 1153, 1158–64 (D.C.Cir. 1999)); *see also*, *e.g.*, *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987) ("[T]he denial of visas to aliens is not subject to review by the federal courts.").

While consular nonreviewability deprives the federal courts of jurisdiction to review the substance of a consul's decision, the court does have jurisdiction over suits that challenge "the authority of the consul to take or fail to take an action." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); *see also Torres v. Kerry*, 12-CV-2309-LAB-JMA, 2013 WL 1386344 (S.D. Cal. Apr. 4, 2013). This limited exception permits judicial review where a consular officer has a nondiscretionary duty to act and refuses to do so. *See Shiu Ying Wong Woo v. Leavitt*, 07-CV-2019-GEB-GGH, 2008 WL 2774448 at * 2 (E.D. Cal. June 27, 2008). This exception has been applied where a consular "decision" is clearly not "final" and leaves the applicant unsure of his or her status. *See Schutz v. Sec'y, Dep't of State*, 11-CV-1296-ORL-31, 2012 WL 275521 (M.D. Fla. Jan. 31, 2012). Mandamus relief compelling the consulate to make a final decision is available in such circumstances. *See ibid; see also Shiu Ying Wong Woo*, 2008 WL 2774448 at * 2.

Respondents argue that the finding of temporary ineligibility was a final refusal and that mandamus is therefore inappropriate. (Respondents' Moving Brief at 7; Reply Brief at 2) This argument is not convincing. The U.S. Embassy has clearly failed to execute its nondiscretionary duty to issue a visa or a final refusal. This is evident from: (1) its failure to comply with its own refusal procedures; (2) the language of its communications with the Assads.

### *1. Refusal Procedures*

For every properly completed and executed visa application, a consular official must either issue or refuse the visa. 22 C.F.R. § 42.81(a). A final refusal must conform to the "refusal procedures" in Subsection (b) of 22 C.F.R. § 42.81. The refusal procedures include: (1) obtaining a signed form (either DS-230 or DS-260) from the applicant; (2) maintaining a "refusal file" that contains the documents used as the basis for refusal; (3) informing the applicant of the basis for refusal; and (4) informing the applicant of statutes and regulations which could provide administrative relief. Moreover, any refusal carries with it the right to have "the principal consular officer at a post . . . review the case without delay" and record that decision. 22 C.F.R. § 42.81(c). Where a final refusal occurs, the applicant is entitled to one year in which to submit additional evidence "tending to overcome the ground of ineligibility on which the refusal was based." 22 C.F.R. § 42.81(e).

The U.S. Embassy has not complied with these refusal procedures. It failed to provide any signed document indicated as DS-230 or DS-260, nor any documents in the refusal file. The sole basis for refusal, according to the letter sent to Neil Reyas Assad was that his "application does not comply with the provisions of the INA," which is so broad as to be effectively meaningless. *See Schutz v. Sec'y, Dep't of State*, 6:11-CV-1296-ORL-31, 2012 WL 275521 at *2 (M.D. Fla. Jan. 31, 2012). The letter did not notify the applicant of the regulatory right to consular review of the refusal. It did not state what additional evidence could be submitted in order to overcome the refusal, nor did it even mention the right to submit the additional evidence.

### 2. *Language of Communications*

The language of the U.S. Embassy's communications clearly indicate that the decision on Assad's visa is still pending and not final. The June 7, 2011 letter informed Assad that the only recourse was to await the conclusion of administrative review, which the letter stated would be forthcoming and in writing. The Respondents have offered no evidence that this administrative review ever took place. The letter invited Assad to follow up from time to time on the status of the application. This very invitation to check up evidences a process that is not complete. When Assad's counsel sent an inquiry in August 2012, the response was that "this case is still pending."

Based on these facts, the court finds that the U.S. Embassy has failed to either refuse or grant the visa. Because the Embassy has failed to make a final decision, the court has jurisdiction to grant Petitioner relief via Writ of Mandamus.

### B. USCIS

The court has no subject matter jurisdiction with respect to USCIS. The Petition for Writ of Mandamus claims that the U.S. Embassy returned the I-130 Petition to USCIS for possible revocation pursuant to a procedure listed in the Foreign Affairs Manual. Government Declarations have certified that Neil Reyas Assad's case is still in fact with the U.S. Embassy in Guyana awaiting administrative review and that USCIS is not reviewing the matter for possible revocation.[1] Since there is no action that this court can compel USCIS to take, it has no subject matter jurisdiction to grant relief with respect to USCIS.

---

[1] These certifications may be considered given that this is a Rule 12(b)(1) factual attack on subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (*citing Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)).

### C. Attorney General

The Petition contains no substantive allegations pertaining to an act or omission of the Attorney General with respect to this matter. The Petitioner has failed to state a claim, and therefore the court will dismiss the Attorney General pursuant to Rule 12(b)(6). Dismissal is without prejudice.

## IV. CONCLUSION

For the reasons stated above, Respondents' motion to dismiss is **GRANTED** in part, and **DENIED** in part. The motion to dismiss is **GRANTED** as to the U.S. Attorney General and USCIS. The motion is **DENIED** as to the Department of State and the U.S. Embassy in Guyana. An appropriate order follows.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 1, 2013**